McCUNE v MEIJER, INC

Docket No. 91076. Submitted June 19, 1986, at Lansing. Decided August 14, 1986.

Daniel McCune filed a complaint against Meijer, Inc., in Washtenaw Circuit Court seeking damages for injuries he allegedly sustained when he slipped on a puddle of oil in the defendant's parking lot. The court, Patrick J. Conlin, J., granted defendant's motion for summary disposition, concluding that plaintiff could not prove that defendant knew or should have known of the oil spill. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's theory that the oil spill had been in existence long enough for most of the oil to evaporate and that, given the naturally slow rate of oil evaporation, defendant therefore should have been aware of the existence of the oil spill is completely unsupported by evidence and thus amounts to no more than sheer speculation and conjecture. Mere conjecture does not meet the burden of the party opposing a motion for summary disposition to come forward with affidavits or some other evidentiary proof to establish that there exists a genuine issue of material fact. Summary disposition was appropriate.

Affirmed.

MOTIONS AND ORDERS — SUMMARY DISPOSITION — COURT RULES.

Summary disposition in favor of a defendant is appropriate where the plaintiff's theory of liability is completely unsupported by proof and amounts to no more than sheer speculation and conjecture (MCR 2.116[C][10], 2.116[G][4]).

*Gittleman, Paskel, Tashman & Blumberg, P.C.* (by *Marshall Fogelson*), for plaintiff.

*Shoup, Hayduk, Dawson, Andrews & Hypnar, P.C.* (by *Mark A. Hypnar*), for defendant.

REFERENCES

Am Jur 2d, Motions, Rules, and Orders §§ 22-26.

See the annotations in the Index to Annotations under Motions.

Before: SHEPHERD, P.J., and J. H. GILLIS and MACKENZIE, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the circuit court dated February 18, 1986, granting defendant's motion for summary disposition. MCR 2.116(C)(10).

Plaintiff filed a complaint seeking damages for injuries sustained on April 9, 1984, when he slipped on a puddle of oil located in a parking lot owned by the defendant. According to the plaintiff, the oil puddle was rather small, but was surrounded by an oil stain 2½ feet in diameter. Plaintiff also indicated that he did not notice the oil spill prior to his fall.

In ruling on the defendant's motion, the trial court noted that in a slip and fall accident defendant is liable to plaintiff, as a business invitee, "for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Serinto v Borman Food Stores,* 380 Mich 637, 640-641; 158 NW2d 485 (1968), quoting a headnote paraphrasing the Court's statements as to the law as set forth in *Carpenter v Herpolsheimer's Co,* 278 Mich 697; 271 NW 575 (1937). The trial court granted the motion for summary disposition, concluding that plaintiff could not prove that defendant knew or should have known of the oil spill.

Plaintiff attacks the trial court's ruling by proposing the following theory. Noting that the oil stain was much larger than the actual puddle itself, plaintiff concludes that the stain must have resulted from the evaporation of the oil spill. Given the naturally slow rate of evaporation,

plaintiff argues that the oil spill must have been of a long-standing duration, and thus defendant should have been aware of its existence.

However, as provided in MCR 2.116(G)(4), when a motion for summary disposition under rule 2.116(C)(10) is made and supported as provided in the rule, "an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." Plaintiff's evaporation theory was completely unsupported by any expert testimony, either by deposition or affidavit, and thus amounts to no more than sheer speculation and conjecture.[1] Since "[m]ere conjecture does not meet the burden of the opposing party to come forward with affidavits or some other evidentiary proof to establish that there exists a genuine issue of material fact," *Szidik v Podsiadlo,* 109 Mich App 446, 451; 311 NW2d 386 (1981), summary disposition was appropriate. *Pauley v Hall,* 124 Mich App 255; 335 NW2d 197 (1983).

Affirmed.

---

[1] We also note that, while plaintiff's theory has a certain logical consistency, there exists an equally plausible explanation for the disparity in the size of the puddle and the stain, that being the propensity of oil to saturate the surrounding pavement after it has been spilled. Assuming that saturation occurs at a much faster rate than evaporation, the spill may have been present in the defendant's parking lot for only a brief time before the plaintiff's fall. While it might be said that, without expert testimony, speculation is also required to conclude that saturation occurs at a faster rate than evaporation, such an argument merely points out the fact that plaintiff has failed to "establish circumstances 'such as to take the case out of the realm of conjecture' and into 'the field of legitimate inferences from established facts,'" *Whitmore v Sears, Roebuck & Co,* 89 Mich App 3, 9; 279 NW2d 318 (1979), quoting *Gadde v Michigan Consolidated Gas Co,* 377 Mich 117; 139 NW2d 722 (1966).