Kathryn BURKE, Plaintiff,

v.

DAYTON HUDSON COMPANY d/b/a J.L. Hudson's, Defendant.

No. 92–73611.

United States District Court, E.D. Michigan, S.D.

Nov. 12, 1993.

Dennis M. Goebel, Harvey, Kruse, Westen & Milan, Troy, MI, for Dayton Hudson Co.

Gary C. Berger, Milan, Miller, Berger, Brody & Miller, Detroit, MI, for Kathryn Burke.

John J. Lynch, Paul C. Pfister, Vandeveer Garzia, P.C., Birmingham, MI, for Equit Life Assur.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PAUL V. GADOLA, District Judge.

Discovery closed in this case July 1, 1993. Defendant filed the instant motion for summary judgment July 28, 1993. Plaintiff responded August 23, 1993. Defendant filed a reply September 7, 1993. Oral argument was heard October 27, 1993.

### I. Facts

Plaintiff is an 83–year old woman with osteoporosis. On September 17, 1991, plaintiff slipped and fell as she entered Hudson's Department store at the Eastland Mall. There were at least three witnesses to plaintiff's fall: Cheryl Klook, a Hudson's employee who was standing at a sales counter immediately adjacent to the aisleway where plaintiff fell; John Anderson, a security guard for Hudson's; and Herman Hunt, a store customer. These witnesses gave tape-recorded statements soon after the plaintiff's accident wherein each stated that plaintiff was hunched over, shuffling along when she slipped and fell. As they were helping plaintiff subsequent to her fall, the witnesses discovered that there was Italian salad dressing on the floor where plaintiff fell.

### II. Standard of Review

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact

would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly

probative, summary judgment may be granted.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

Fed.R.Civ.P. 56(e) provides that

> [w]hen a motion for summary judgment is made … an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, *by affidavits* or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.[1]

In support of her response, plaintiff submits unidentified portions of the unsworn statements of the three witnesses to her fall;[2] and she submits the affidavit of plaintiff's counsel attesting to his knowledge that witness John Anderson still works for defendant and his belief that Anderson, if called to testify, would do so in accordance with the statement Anderson gave to defendant's insurance adjustor. The unsworn witness

---

1. The language "as otherwise provided in this rule" refers to subsection (f)'s provision for proceeding when affidavits are shown by a party to be unavailable.

2. Not until the court read the defendant's reply brief which attaches these witness statements *in full,* was the court able to decipher the plaintiff's fragmented and unlabeled exhibits.

statements and the affidavit of plaintiff's counsel do not comply with the requirement of rule 56(e) that

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed.R.Civ.P. 56(e). Nevertheless, because the facts are not in dispute, the court will accept the unsworn witness statements as attached in part to the plaintiff's brief and in full to the defendant's reply brief, and proceed to analyze those facts with respect to Michigan law.

Defendant, in its motion for summary judgment, argues that the facts as gathered from the witness statements are not, as a matter of law, sufficient to establish a *prima facie* case of negligence.[3] The court agrees.

█ Under the law of Michigan, it is the duty of a storekeeper to provide reasonably safe aisles for customers. *Whitmore v. Sears, Roebuck & Co.,* 89 Mich.App. 3, 7, 279 N.W.2d 318 (1979). A storeowner is liable for injury resulting from an unsafe condition if (1) that condition is caused by the active negligence of the storeowner or its employees, or (2) the condition is of such a nature or has existed for such time, that the storeowner or a store employee knew or should have known that the unsafe condition existed. *Id.* at 8, 279 N.W.2d 318. "Where there is no evidence to show that the condition existed for *a considerable time,* [ ] a directed verdict in favor of the storekeeper is proper." *Id.* (emphasis added).

█ In this case, the witnesses all stated that the salad dressing was difficult to discern because it was clear or translucent yellow and therefore blended into the color of floor tile. Thus, the undisputed testimony of the witnesses would not support a factual finding that the condition was of such a nature that defendant's employees should have noticed it. Furthermore, there is no evidence that any defendant of employee was responsible for dripping the salad dressing on the floor. And, finally there is little or no evidence as to how long the salad dressing was on the floor prior to plaintiff's fall.[4]

Thus, on these facts, plaintiff can not make a *prima facie* showing either that an employee of defendant did know or should have known that the salad dressing was on the floor, by virtue of its obvious nature or the length of time it was there. And plaintiff can not make a *prima facie* showing that an employee of defendant was responsible for the salad dressing being on the floor. Defendant therefore is entitled to judgment as a matter of law.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED.**

**SO ORDERED.**

### JUDGMENT

This action came before the court, Honorable Paul V. Gadola, District Judge, presiding, and the issues having been duly reviewed and a decision having been duly rendered,

---

**3.** Defendant also argues that because plaintiff did not enter the store to shop but rather was passing through to go to the mall's post office, plaintiff is a "mere licensee" and a business invitee. "To come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business with which the occupant of the premises is engaged or which he permits to be carried on there." *Preston v. Sleziak,* 383 Mich. 442, 448, 175 N.W.2d 759 (1970). The court is inclined to agree with plaintiff's argument that having mall pedestrians pass through, with the possibility that they might buy something at Hudson's, is a "purpose connected with the business" of Hudson's. In any event, it is not clear from defen-

dant's pleadings what import lies in plaintiff's status as a licensee or an invitee; the law cited by defendant on the issue of a storeowner's duty does not distinguish between licensees and invitees but rather simply discusses a store owner's duty to its "customers." See Defendant's Brief at 12–20. Thus, the court does not find it necessary to rule on the issue of plaintiff's status.

**4.** Plaintiff's fall occurred around lunchtime, at approximately 12:00 or 1:00 p.m. John Anderson stated that defendant's floors are cleaned between 6:00 and 9:00 a.m. Thus, the salad dressing likely was spilled sometime between 6:00 a.m. and 1:00 p.m.

It is **ORDERED** and **ADJUDGED** that plaintiff take nothing, that defendant be awarded costs in accordance with Fed. R.Civ.P. 54(d), and that the action be dismissed on the merits.

It is further **ORDERED** that the clerk serve a copy of this judgment by United States mail on the counsel for plaintiff and on counsel for defendant.