Jill C. DOSE, Plaintiff,

v.

**EQUITABLE LIFE ASSURANCE SOCIETY, d/b/a Eastland Mall, and General Growth Management, Inc., Defendants.**

Civ. A. No. 93–74100.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 14, 1994.

Stephen A. Wood, Southfield, MI, for plaintiff.

Thomas M. Douglas, Gofrank & Kelman, Southfield, MI, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

This matter is before the court on defendants' motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Plaintiff Jill Dose is seeking recovery of damages from defendants based upon a slip and fall that occurred on their premises. Defendants contend that plaintiff has failed to establish a prima facie case of liability. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court has dispensed with oral argument and will decide the motions on the briefs submitted by the parties.[1] For the reasons discussed below, the court will grant defendants' motion.

### I. Background

On the evening of June 5, 1991, plaintiff Jill Dose went shopping with a friend at the Eastland Mall in Harper Woods, Michigan. While shopping inside the mall, plaintiff slipped and fell on a small puddle of water. Before she fell, plaintiff had not seen the water. After the accident, both the plaintiff and her companion observed some melting ice cubes in the puddle. As a result of the accident, plaintiff claims that she suffers from severe back pain and a loss of mobility.

Defendants own and manage the Eastland Shopping Mall. They are seeking summary judgment on the basis that plaintiff has failed to offer any evidence showing that they caused a dangerous condition on their premises or that they had any knowledge of it.

### II. Standard of Review

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly

---

1. Plaintiff failed to submit a timely response to defendants' motion for summary judgment under Local Rule 7.1(c). However, based upon plaintiff's motion for leave to file a late response, the court will consider the brief submitted by plaintiff.

probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

▮ In their motion, defendants argue that plaintiff has failed to bring forward sufficient evidence to establish a prima facie case of premises liability. Because it agrees with their contention, the court will enter judgment in favor of defendants.

▮ Under Michigan law, it is the duty of a storekeeper to provide reasonably safe aisles for customers. *Whitmore v. Sears, Roebuck & Co.,* 89 Mich.App. 3, 7, 279 N.W.2d 318 (1979). However, a property owner is not an insurer of the safety of invitees. *Williams v. Cunningham Drug Stores, Inc.,* 429 Mich. 495, 500, 418 N.W.2d 381 (1988). A storeowner is only liable for injury resulting from an unsafe condition if (1) that condition is caused by the active negligence of the storeowner or its employees, or (2) the condition is of such a nature or has existed for such time, that the storeowner or a store employee knew or should have known that the unsafe condition existed. *Whitmore,* 89 Mich.App. at 8, 279 N.W.2d 318. "Where there is no evidence to show that the condition existed for *a considerable time,* . . . a directed verdict in favor of the storekeeper is proper." *Id.* (emphasis added).

Michigan courts have further held that "[w]here there is no evidence from which defendant's negligence may be inferred, the trial court is justified in directing a verdict of no cause of action." *Id.* at 7, 279 N.W.2d 318; *see also Winfrey v. S.S. Kresge Co.,* 6 Mich.App. 504, 149 N.W.2d 470 (1967) (judgment for defendant storeowner where no evidence was presented from which one could infer that dangerous condition was present for more than a few moments). Plaintiffs cannot rely on the mere fact that an accident happened on the premises in order to recover damages from the owner of the property.

The court finds that plaintiff has failed to establish a prima facie case of premises liability. Plaintiff has presented no evidence, direct or by way of inference, that the puddle of water at issue existed for more than a few moments. In fact, the evidence indicates that the water had just recently been spilled. Ice cubes were still present and had not melted completely.

Besides failing to show that the puddle had been present for a considerable period of time, plaintiff has also failed to present any evidence showing that defendants or their agents caused the existence of the puddle. As a result, plaintiff must rely upon sheer speculation in order to establish liability.[2]

---

**2.** The facts presented in *Whitmore v. Sears, Roebuck & Co.,* 89 Mich.App. 3, 279 N.W.2d 318 (1979) are most clearly analogous. In *Whitmore,* the plaintiff slipped on an oily patch in defendants' parking lot. The court of appeals entered judgment in favor of defendants because plaintiff presented no evidence that the oily substance had been in the parking lot for a considerable period of time or that anyone connected with defendants had created the hazard.

In this instance, plaintiff has also failed to "establish circumstances 'such as to take the case out of the realm of conjecture' and into 'the field of legitimate inferences from established facts.' " *Id.* at 9, 279 N.W.2d 318 (quoting *Gadde v. Michigan Consolidated Gas Co.,* 377 Mich. 117, 139 N.W.2d 722 (1966)). Plaintiff's "theory" about the existence of the food court at the Eastland Mall conclusively establishing liability for all slip and fall accidents occurring on the premises is similar to the theorizing rejected by the court of appeals in *McCune v. Meijer, Inc.,* 156 Mich.App. 561, 563, 402 N.W.2d 6 (1986) (speculation and conjecture as to cause of slip

On this basis, and taking all of the evidence in the light most favorable to her, the court finds that plaintiff has failed to raise a genuine issue of material fact. Defendants have demonstrated that plaintiff is unable to establish a prima facie case. As a result, the court shall enter judgment in favor of defendants.

### *ORDER*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motion for summary judgment is **GRANTED**. Plaintiff's complaint is **DISMISSED** with prejudice.

**SO ORDERED.**

and fall are not enough; court rejects theory about uneven evaporation of oil patch as indica-

tive of constructive notice).