76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Agathol SIAKANTARIS and Eleni Siakantaris, Plaintiff-Appellants,
v.
DAYTON HUDSON CORP., Defendant-Appellee.
 No. 94-1657.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1996.
 
 Before: KEITH, DAUGHTREY and PHILLIPS,* Circuit Judges.
 PER CURIAM:
 
 
 1
 The Plaintiff-Appellants, Eleni and Agathol Siakantaris (together, the "Siakantaris"), appeal the decision of the district court to grant the Defendant-Appellee's, Dayton Hudson Corporation ("Dayton Hudson"), motion for summary judgment. The Siakantaris' argue the district court erred by finding: (1) that Dayton Hudson did not create the hazard that led to Mrs. Siakantaris' injury; and (2) that Dayton Hudson did not have constructive knowledge of the existence of the dangerous spill on the floor of their store before Mrs. Siakantaris was injured. For the reasons stated below, we AFFIRM the district court's decision to grant Dayton Hudson's motion for summary judgment.
 
 I. Statement of Facts
 
 2
 On June 7, 1991, Eleni Siakantaris went to the Dayton Hudson store at Southland Mall ("Southland") to purchase a new dress. After purchasing the dress and on her way out of the store, Mrs. Siakantaris slipped and fell on her right side causing injury to her right leg, knee and elbow. The spot where Mrs. Siakantaris fell was twenty feet from a frozen yogurt stand owned and operated by Dayton Hudson.
 
 
 3
 After falling, Mrs. Siakantaris noticed that her pants were covered with a sticky, dirty liquid she believed to be melted frozen yogurt. In addition, Mrs. Siakantaris discovered smashed fruit and chocolate chip cookie crumbs on the floor, and believed that they may have contributed to her fall. She noticed the fruit and crumbs only after they were brought to her attention by Southland employees. Mrs. Siakantaris did not know whether it was the melted yogurt, the crumbs or the fruit that caused her to slip and could not link the existence of the foreign objects that caused her to fall to an individual employed by Dayton Hudson.
 
 
 4
 Cheryl Staneck, a full time sales employee of Dayton Hudson, and Julie Karl, a Dayton Hudson loss prevention investigator, assisted Mrs. Siakantaris after the fall. Neither Karl, who filed an accident report, nor Staneck witnessed the fall and neither noticed the fruit and the melted frozen yogurt on the floor prior to Mrs. Siakantaris' accident. Karl's accident report stated Mrs. Siakantaris slipped on a piece of fruit and fell on her right side. Karl also stated frozen yogurt was often spilled on the floor by both customers and Dayton Hudson employees, but did not recall seeing a Dayton Hudson employee spill frozen yogurt on that day.
 
 
 5
 In December 1992, Mr. and Mrs. Siakantaris filed a premises liability suit against Dayton Hudson in Wayne County, Michigan, Circuit Court. In the suit, Mrs. Siakantaris sought damages for her personal injuries, lost wages and pain and suffering. Mr. Siakantaris sought damages to cover Mrs. Siakantaris' past and future medical expenses and for the loss of his wife's services, society, companionship and consortium. Dayton Hudson removed the case to federal court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. The Siakantaris' suit alleged Dayton Hudson created the slippery condition that resulted in her injury. Alternatively, their complaint asserted that the condition that caused Mrs. Siakantaris to fall had been present for such a period of time that Dayton Hudson should have had constructive knowledge of its existence.
 
 
 6
 After the two parties concluded discovery, Dayton Hudson moved for summary judgment, pursuant to Fed.R.Civ.P. 56. The district court granted Dayton Hudson's motion after determining that Dayton Hudson was not responsible for creating the slippery hallway floor and that the puddle of yogurt was not present for such a length of time so as to impute constructive knowledge of the dangerous condition to Dayton Hudson.
 
 
 7
 The Siakantaris filed a timely notice of appeal.
 
 II. Discussion
 
 8
 On appeal, the Siakantaris contend the district court erred by granting Dayton Hudson's motion for summary judgment. Instead they claim that there is a genuine issue of material fact as to whether Dayton Hudson: (1) created the dangerous condition that caused Mrs. Siakantaris to fall and (2) had constructive knowledge of the dangerous condition on their premises.
 
 A. Standard of Review
 
 9
 We review the granting of a motion for summary judgment de novo. Russo v. City of Cincinnati, 953 F.2d 1036, 1041 (6th Cir.1992). Summary judgment is appropriate when after reviewing the evidence and any justifiable inferences in a light most favorable to the non-moving party there is no genuine issue of material fact upon which relief can be granted. Fed.R.Civ.P. 56(c); Russo, 953 F.2d at 104; 160 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987). In addition, the moving party is entitled to judgment as a matter of law when "the non-moving party has failed to make a sufficient showing on an essential element of [the] case with respect to which [it has] the burden of proof." Celotex v. Catrett, 477 U.S. 317, 323 (1986).
 
 B. Standard of Care
 
 10
 In a diversity case, the substantive law of the forum state must be applied "in accordance with the then controlling decision of the highest state court." U.S. v. Anderson County, 761 F.2d 1169, 1173 (6th Cir.1985), cert. denied, 474 U.S. 919, 106 S.Ct. 248, 88 L.Ed.2d. 256 (1985) (quoting Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327 (1941)). In the instant case, the substantive law of Michigan is applied because Mrs. Siakantaris fell and was injured in Michigan.
 
 
 11
 Under Michigan law, a storekeeper must exercise reasonable care in providing a reasonably safe premises for his or her customers. Dose v. Equitable Life Assurance Soc'y, 864 F.Supp. 682, 684 (E.D.Mich.1994); Whitmore v. Sears, Roebuck & Co., 279 N.W.2d 318, 321 (Mich.Ct.App.1979). To establish negligence in a premises liability suit, a plaintiff must show the dangerous condition that caused the injury was created by the defendant or, in the alternative, that the hazardous condition existed for such a period of time that the defendant had constructive knowledge of the dangerous condition. Whitmore, 279 N.W.2d at 321. Constructive notice of a hazardous condition can be inferred from evidence showing that the condition existed for a period of time sufficient to allow a reasonably careful business person to discover and remedy the danger. Whitmore, 279 N.W.2d at 321. However, "[w]here there is no evidence to show that the condition had existed for a considerable time ... a directed verdict [or summary judgment] in favor of the storekeeper is proper." Id. The mere fact an accident has occurred is not enough to raise a presumption of negligence. Burghardt v. Detroit United Ry., 173 N.W. 360, 361 (Mich.1919); Dose, 864 F.Supp. at 684.
 
 C. Application
 
 12
 In the instant case, the Siakantaris cannot establish that Dayton Hudson created the hazardous condition which caused Mrs. Siakantaris to slip. They have failed to produce evidence showing Dayton Hudson or one of its employees was responsible for spilling the frozen yogurt or dropping the fruit on the floor. Thus, Mrs. Siakantaris and her husband cannot prove Dayton Hudson was responsible for creating the dangerous condition that resulted in her falling.
 
 
 13
 Furthermore, the Siakantaris cannot establish that Dayton Hudson had constructive notice of the dangerous condition that caused Mrs. Siakantaris' injury. Mr. and Mrs. Siakantaris claim the fact the frozen yogurt had melted is evidence the yogurt had been on the floor long enough to impute constructive knowledge of the dangerously slippery area to Dayton Hudson. However, this is not proof that the store aisle was dangerously slippery for any period of time prior to the fall. None of the witnesses, including Mrs. Siakantaris, could testify that they noticed any foreign substance on the floor prior to her fall. In addition, neither Karl or Staneck testified that they saw anyone spill frozen yogurt or any other substance in the area where Mrs. Siakantaris fell on that day. As a result, the Siakantaris failed to show the aisle was slippery for a substantial length of time. Thus, the district court was correct in finding Dayton Hudson did not have constructive knowledge of the dangerously slippery condition on its premises. See Dose, 864 F.Supp. at 684 (holding that summary judgment is proper were the plaintiff fails to produce evidence that the water that caused her to fall existed for more than a few moments); see also Whitmore, 279 N.W.2d at 322 (holding that directed verdict in favor of a defendant is proper when the plaintiff cannot provide evidence to show how long the oil puddle she slipped on was in the parking lot).
 
 III. Conclusion
 
 14
 For the reasons stated above, we AFFIRM the decision by the Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, to grant Dayton Hudson's motion for summary judgment.
 
 
 
 *
 The Honorable J. Dickson Phillips, Jr., Circuit Judge from the United States Court of Appeals for the Fourth Circuit