Leo LaPOINTE, Plaintiff–Appellant,

v.

**UNITED AUTOWORKERS LOCAL 600, and Doug Thompson, Defendants–Appellees.**

No. 94–1960.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 19, 1995.

Decided Dec. 26, 1996.

---

Gary A. Benjamin (argued and briefed), Detroit, MI, for Plaintiff–Appellant.

Connye Y. Harper, Associate General Counsel (argued and briefed), International Union, UAW, Detroit, MI, for Defendants–Appellees.

Before: KRUPANSKY, BATCHELDER, and MOORE, Circuit Judges.

BATCHELDER, J., delivered the opinion of the court, in which KRUPANSKY, J., joined. MOORE, J. (pp. 489–90), delivered a separate dissenting opinion.

BATCHELDER, Circuit Judge.

Leo LaPointe appeals the order of the district court granting summary judgment to the defendants, United Autoworkers Local 600 and Doug Thompson, and dismissing LaPointe's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* We affirm the judgment of the district court.

## I. BACKGROUND

This case is before us for the second time. In *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376 (6th Cir.1993), a panel of this court reversed the district court's first grant of summary judgment to the defendants and dismissal of LaPointe's ADEA claim. *Id.* at 381.[1] We remanded the case to the district court, holding that because LaPointe had presented some direct evidence of age discrimination, the district court had erred in dismissing his discrimination claim for failure to make out a *prima facie* case, without considering that direct evidence. *Id.* at 380–

---

1. Although the district court's order which was before us then disposed of all of his claims, LaPointe appealed only the dismissal of the ADEA claim. *See LaPointe,* 8 F.3d at 378.

81.[2] On remand, the defendants renewed their motion for summary judgment, and, after the parties submitted new briefs and some additional evidence, the district court again granted summary judgment.

The background facts are set out in our previous opinion, *see id.* at 377–78, and we merely summarize them here. LaPointe was employed for many years by Ford Motor Company in its Parts Depot. Under the collective bargaining agreement ("CBA") between Ford and United Autoworkers ("UAW") Local 600 ("Union"), LaPointe was appointed by the Union to the Union position of Health and Safety Representative, continuing throughout his tenure in that position to be employed and paid by Ford. LaPointe claims that as the Health and Safety Representative, he was continually harassed because of his age by defendant Thompson, the bargaining unit president who had recommended to the International Union, UAW that LaPointe be appointed to the position. Although he acknowledges he retired from Ford pursuant to the Special Early Retirement Opportunities Program negotiated by Ford and the Union, LaPointe claims that Thompson had made his life as the Health and Safety Representative so miserable that he did not voluntarily retire, but was constructively discharged.

On remand, the district court reviewed all of the evidence supporting and opposing the defendants' initial and renewed summary judgment motions and concluded that to prevail on his ADEA claim, LaPointe would have to prove he was constructively discharged by Ford, his actual employer. Because LaPointe had presented no evidence tending to establish that element of his claim, the district court granted summary judgment to the defendants. On appeal, LaPointe admits that Ford did not constructively discharge him, but argues that the Union was the employer for purposes of this ADEA action and that the activities of the Union defendants resulted in his constructive discharge from both his Union position and his job with Ford.

## II. STANDARD OF REVIEW

We review *de novo* a district court's grant of summary judgment. *Pinney Dock & Transp. Corp. v. Penn Cent. Corp.,* 838 F.2d 1445, 1472 (6th Cir.), *cert. denied,* 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The moving party is entitled to judgment as a matter of law where, after adequate time for discovery, the nonmoving party fails to establish the existence of an element essential to its case and on which that party would bear the burden at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. DISCUSSION

The ADEA provides, *inter alia,* that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To prevail on a claim of discrimination under the ADEA, LaPointe bears the ultimate burden of proving at trial that his employer, because of LaPointe's age, (1) failed or refused to hire him, or (2) discharged him, or (3) otherwise discriminated against him with

---

**2.** LaPointe contended it was not necessary to demonstrate that he was replaced by someone outside the protected class to make out a *prima facie* case of age discrimination. *LaPointe,* 8 F.3d at 378–79 (citation omitted). That was not the law of the Sixth Circuit at the time. *See id.* at 379 (citation omitted). However, the Supreme Court has recently adopted that position, cautioning that no inference of age discrimination can be drawn

> from the replacement of one worker with another insignificantly younger. Because the

ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.

*O'Connor v. Consolidated Coin Caterers Corp.,* —— U.S. ——, ——, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996).

respect to his compensation, terms, conditions or privileges of employment. *See id.*

LaPointe's complaint alleges he was harassed in his Union position by these defendants, that the consequence of that harassment was his retiring from Ford, and that his retirement was a constructive discharge. His complaint does not allege that he was subjected to a hostile work environment because of his age, nor does it allege that he was discriminated against in the terms and conditions of his employment on account of his age. LaPointe's contention is that his retirement from Ford was a constructive discharge. On this issue, LaPointe would bear the ultimate burden at trial.

■ LaPointe argues that the fact that Ford did not constructively discharge him from his underlying employment with the company is irrelevant to this case because his claim is that he was constructively discharged from his Union position as Health and Safety Representative and feared that the Union defendants might cause him to be terminated from Ford as well. However, the fact that Ford did not constructively discharge LaPointe is not only relevant; it is dispositive.

It is undisputed that LaPointe was appointed to the Union position of Health and Safety Representative *as an employee of Ford,* pursuant to the terms of the CBA. But for the Ford employment, LaPointe could not have been the Health and Safety Representative. And while he was Health and Safety Representative, he continued to be an employee of Ford, paid by Ford. It is also undisputed that LaPointe could have returned to his prior duties at Ford, that neither the Union nor Thompson could have

terminated LaPointe's employment with Ford, and that LaPointe was aware of this fact. LaPointe argues that a genuine issue of material fact remains as to this issue because of the evidence in the record regarding Thompson's activities. *See generally LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 383 (6th Cir.1993) (Batchelder, J., dissenting). However, those activities were all directed toward bullying LaPointe out of the Union position. LaPointe himself acknowledged knowing that if he returned to his previous position with Ford, he would be working for a Ford foreman, that the foreman would not be a member of the Union, and that he would not be working for Thompson. There is no dispute that LaPointe knew that the terms of his employment with Ford were governed by the CBA. In the face of these facts, Thompson's alleged threat that if LaPointe returned to the floor at Ford, Thompson could get him fired, does not establish a genuine issue of material fact. *See Wilson v. Firestone Tire & Rubber Co.,* 932 F.2d 510, 515 (6th Cir.1991) ("When an employee alleges that he was forced to resign, the employee's perception must be judged objectively without consideration of his undue sensitivities.") (citation omitted). There is no evidence in the record from which a reasonable jury could find that a reasonable person in LaPointe's position would have believed that Thompson or his allies could cause him to be terminated from his employment with Ford. Finally, it is undisputed that LaPointe was still Health and Safety Representative when he retired from Ford. Because he retired from Ford, he was no longer a Ford employee; because he was no longer a Ford employee, he could no longer hold the Union position.[3]

---

**3.** It is the law of this case that LaPointe has presented some direct evidence of age discrimination, so he need not make out a *prima facie* case under the *McDonnell Douglas* framework. *See LaPointe,* 8 F.3d at 380. In *LaPointe,* we acknowledged LaPointe's deposition testimony about Thompson's threats that LaPointe would be gone "one way or the other," and found ourselves *at that time* unable to conclude, "as a matter of law at summary judgment," that the district court was correct in assuming that LaPointe could have resigned his Union position and retained his job at Ford. Therefore, we rejected the notion that the Union, as a matter of

law, did not constructively discharge LaPointe from both Ford and the Union. *Id.* at 377–78 n. 1.

It does not follow, however, that the law of the case precludes such a conclusion *now.* The defendants' renewed summary judgment motion contends they did not constructively discharge LaPointe from Ford. It is now clear that no reasonable jury could reach a contrary conclusion based on the evidence presented. LaPointe has not met his burden of presenting evidence from which a reasonable jury could conclude that he could not have resigned his Union position and returned to his duties at Ford.

It is the law in this circuit that an employee who leaves his employment when he has been presented with legitimate options for continued employment with that employer, even in a less prestigious position, is precluded from claiming constructive discharge. *Wilson*, 932 F.2d at 515. Here, by retiring from Ford when he had the option of returning to his former job with the company, LaPointe not only precluded his claim of constructive discharge by Ford; he made his continuation in the Union position impossible. Had LaPointe resigned from the Union position and resumed his old job duties with Ford, he might have been able to prevail in an age discrimination claim against these defendants based on constructive discharge from the Union position. Had he either returned to his old duties with Ford and been forced to retire, or attempted to return to those duties and been prevented by these defendants from doing so, he might have been able to prevail on a claim that he was constructively discharged from Ford. But however reprehensible his treatment at the hands of these defendants may have been while he was Health and Safety Representative, the situation did not require that he retire from Ford. His retirement from Ford cannot be laid at the feet of anyone except LaPointe himself, and it was LaPointe's retirement from Ford that resulted in his loss of the Union position.

## IV. CONCLUSION

Because the record on summary judgment does not contain any evidence that would permit a reasonable jury to find that the defendants forced LaPointe to retire from Ford, and because his retirement from Ford caused his loss of the Union position, LaPointe cannot prevail on his claim of age discrimination based on constructive discharge from his Union position. We therefore **AFFIRM** the judgment of the district court.

MOORE, Circuit Judge, dissenting.

Today the majority ignores the law-of-the-case doctrine and effectively reverses a prior decision by this court. In *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376 (6th Cir.1993), this court reversed the district judge's first grant of summary judgment, over the dissent of Judge Batchelder. Although the majority in that case (Judges Contie and Milburn) based its holding on other grounds, it noted that the evidence proffered by the parties at the summary judgment stage was insufficient for the court to hold as a matter of law at summary judgment that plaintiff could have resigned from his union position but retained his job with Ford. 8 F.3d at 377–78 n. 1. Judge Batchelder's dissent focused solely on that issue. Today's majority opinion turns that dissent into law. I respectfully dissent.

On remand, the defendants made no new argument and, despite the position of this new majority to the contrary, presented no adequate basis for reconsidering this issue in support of their renewed motion for summary judgment. *Compare* J.A. at 35–36 (Brief in Support of Defendants' Motion for Summary Judgment, 9/10/91) *and* Defendants' Reply Brief, 10/24/91, docket number 32, *with* J.A. at 134–35 (Brief in Support of Defendants' Motion for Summary Judgment, 4/15/94) (citing the same deposition testimony). Instead, they merely fleshed out an argument they had made previously. There was one new piece of evidence attached to the second motion for summary judgment— the affidavit of Virgil Seal. This affidavit merely offered cumulative support for defendants' position; it did not establish as a matter of law that there was no genuine issue as to material fact. The district court, even noting that the defendants were "[t]aking cues from the dissenting opinion in the Sixth Circuit's remand of plaintiff's appeal in this case," apparently ignored the majority opinion in that remand and again granted summary judgment to the defendants.

The law-of-the-case doctrine states that "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990), *quoted in Shore v. Federal Express Corp.*, 42 F.3d 373 (6th Cir.1994). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts

should be loathe to do so in the absence of extraordinary circumstances...." *Todd,* 920 F.2d at 403 (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988)) (ellipses in original); *see United States · v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994) ("[I]ssues, once decided, should be reopened only in limited circumstances, e.g., where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.' ") (citation omitted). *See also* 1B JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.404[4.—6], at 11–33 to 11–35 (2d ed. 1985).

Although the previous Sixth Circuit panel did not rest its decision on·the issue now before us, it clearly did consider and address the issue. In a footnote, the majority clearly stated that summary judgment was inappropriate on the constructive discharge issue.[1] This court reviews a grant of summary judgment de novo and could have affirmed the district court's judgment on any ground supported by the record, even one not cited by the district court. *City Management Corp. v. U.S. Chemical Co.,* 43 F.3d 244, 251 (6th Cir.1994) (citing *Hilliard v. United States Postal Serv.,* 814 F.2d 325, 326 (6th Cir. 1987)). Judge Batchelder's detailed dissent laid the issue squarely before the court. The fact that the majority in that case chose not to adopt her view clearly indicates that the court considered and rejected that basis for summary judgment. We should not now second-guess that decision.

Although the majority here attempts·to sidestep the law-of-the-case problem by asserting that "we found ourselves *at that time* unable to conclude" as a matter of law that LaPointe could have resigned his Union job and retained his job at Ford, the case is no

different at *this* time. In their renewed motion for summary judgment, the defendants did not offer substantially different evidence that might justify a different outcome. Instead, they cited the same evidence that had been presented at the original summary judgment stage, and reiterated their previous argument, stated in more detail and informed by Judge Batchelder's dissent. Today, that dissent becomes a majority opinion.

Because I believe that this holding violates the law-of-the-case-doctrine, I must respectfully dissent.

---

1. The majority wrote:
   Though the district court noted that "plaintiff could have resigned from his union position but nonetheless retained his job with the Ford Motor Company," District Court's Memorandum Opinion and Order at 2 n. 2, LaPointe maintains that Thompson threatened that he "would be gone, one way or another, because

[Thompson] would still be around." Joint Appendix at 244. Because we cannot say, as a matter of law at summary judgment, that the district court's assumption is correct, we reject the notion that LaPointe was not constructively discharged from both Ford and Local 600. 8 F.3d at 377–78 n. 1.