110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Susan RANG, Plaintiff-Appellant,
v.
SEARS, ROEBUCK & CO., Defendant-Appellee.
 No. 96-1419.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; and HULL, District Judge.*
 
 
 2
 HULL, District Judge.
 
 
 3
 Plaintiff/Appellant Susan Rang appeals from the district court's grant of summary judgment to Sears, Roebuck & Co. in this personal injury/premises liability action. For the reasons which follow, we AFFIRM.
 
 
 4
 Around seven o'clock in the evening of January 25, 1995, Susan Rang, her husband, and their son, went to shop at the Sears store in Roseville, Michigan. It had snowed either that day or the day before and, although the Sears parking lot had been plowed and its sidewalks shoveled, both Mr. and Mrs. Rang agree that they had to walk through slush to get to the store. Both "stomped" their boots off when they entered. There is a factual dispute as to whether or not the store had put rubber mats down in the entry. Mrs. Rang does not remember any floor mats nor any signs advising customers that the floors were slippery when wet. Mrs. Rang testified, in her deposition, that they walked through the doors, up to the main aisle, turned left, and walked approximately thirty feet down the main aisle before she fell. Mrs. Rang had been walking behind her husband who was carrying their son. Neither of the Rangs saw any substance on the floor but the heel of Mrs. Rang's left foot started to slide and she fell to the floor twisting and seriously injuring her left knee. Even though she had not previously noticed that the floor was wet, after her fall Mrs. Rang found that her backside and thighs were wet and that she was seated in what appeared to be dirty water. Mr. Rang testified that his pants were wet at the knees where he had knelt to assist his wife. Sears personnel came quickly to the scene and wiped up the liquid with paper towels. A wheelchair was brought for Mrs. Rang and she was taken to a clinic. Mrs. Rang had suffered torn ligaments and tendons in her knee and was off from work for two and a half months. Mrs. Rang sued Sears for her personal injuries. She was still wearing a knee brace when her deposition was taken in December of 1995.
 
 
 5
 After deposing the Rangs, Sears moved for summary judgment contending that the plaintiff lacked any evidence of negligence on its part. She could not prove that Sears caused the slippery condition or that it knew or should have known of its existence. Furthermore, she had no evidence of how long the condition had existed.
 
 
 6
 The plaintiff conceded that she had no evidence that Sears caused the slippery condition but she argued that it should have known of its existence. Because of the snowy conditions on the day of her fall, it was foreseeable that water would be tracked into the store and that customers would be likely to slip and fall. Relying upon the unpublished case of Joly v. Sears, Roebuck and Company, No. 86 CV 72220 (E.D.Mich. March 12, 1987) (1987 U.S.Dist. LEXIS 15466), she argued that the evidence of foreseeability alone was sufficient to create an issue of fact for the jury on the question of whether Sears had notice of the unsafe condition. She also claimed to have some evidence of how long the condition had existed. Because, after her fall, she had found herself seated in dirty water, a jury could legitimately infer that the water had been present for quite a while.
 
 
 7
 The district court did not agree that the mere fact that the water was dirty was sufficient to show that it had been present for any length of time. It also rejected Mrs. Rang's foreseeability argument, pointing out that in the Joly case, the puddle of water had collected near the doorway of the store. In the instant case, the plaintiff slipped more than 30 feet into the store.
 
 
 8
 We review de novo a district court's grant of summary judgment. LaPointe v. United Autoworkers Local 600, 103 F.3d 485 (6th Cir.1996). Summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. See: Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Collyer v. Darling, 98 F.3d 211, 220 (6th Cir.1996).
 
 
 9
 Under Michigan law, a property owner is not an insurer of the safety of invitees. Bunch v. Long John Silvers, Inc., 878 F.Supp. 1044 (E.D.Mich.1995). However, it is the duty of a storekeeper to provide reasonably safe aisles for its customers. Dose v. Equitable Life Assurance Society, 864 F.Supp. 682, 684 (E.D.Mich.1994); Burke v. Dayton Hudson Co., 837 F.Supp. 228, 231 (E.D.Mich.1993); Whitmore v. Sears, Roebuck & Co., 89 Mich.App. 3, 7, 279 N.W.2d 318 (1979). A storeowner is only liable for injury resulting from an unsafe condition if (1) that condition is caused by the active negligence of the store owner or its employees, or (2) the condition is of such a nature or has existed for such time, that the store owner or a store employee knew or should have known that the unsafe condition existed. Bunch at 1048; Dose at 684; Burke at 231. Therefore, in order to establish a prima facie case, the plaintiff had the burden of providing some evidence that the water which caused her fall was the result of active negligence on the part of Sears employees or that it had been in the aisle long enough for store personnel to have noticed it. She was unable to carry that burden of proof. While she argued, correctly, that wet conditions inside the store were foreseeable when there was snow and slush outside the store, this might have satisfied her constructive notice requirement if the water had been in or near the entrance to the store. Because Mrs. Rang had walked through the entranceway, up to the main aisle, turned left, and proceeded about 30 feet down the main aisle before her fall, the district court was correct in rejecting her argument that foreseeability could substitute for constructive notice in this instance. In the absence of a prima facie case of negligence, this action was properly dismissed.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation