ROCKEY v. GENERAL MOTORS CORPORATION.

1. EVIDENCE—RES GESTAE—AUTHORITY OF DEFENDANT'S EMPLOYEE.
   Exclusion of testimony as to a statement by defendant's employee about manner in which accident occurred which decapitated plaintiff's decedent *held*, not error in death action by administratrix against consignee of truck load of steel, where statement was not a part of the *res gestae* and it is not shown he had authority to make the statement attributed to him.

2. SAME—PLEADING IN ANOTHER ACTION—ADMISSION.
   Exclusion of pleading containing language alleged to have constituted an admission as to manner in which accident decapi-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur, Evidence § 676.
[2] 20 Am Jur, Evidence § 640.
[3] 20 Am Jur, Evidence § 817.
[4] 53 Am Jur, Trial § 398.
[5] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

tating plaintiff's decedent had occurred *held*, proper, where pleading involved was not that of a party to the instant action.

3. SAME—OPINION OF EXPERT.
Opinion testimony by an expert as to manner in which accident decapitated plaintiff's decedent wherein expert stated that it was necessary that the steel had to be moved to have the accident happen was properly excluded, where all eyewitnesses said the steel was not being moved at the time, the facts being such that ordinary men could understand them and draw correct inferences from them.

4. NEGLIGENCE—EVIDENCE—UNLOADING SHEET STEEL.
Directed verdict for defendant, to which a truck load of sheet steel was being delivered by decedent and during the period of unloading some slid off back of truck and decapitated plaintiff's decedent, was proper, where record contains no evidence from which defendant's negligence could be inferred.

5. COSTS—SUPPLEMENTAL APPENDIX—ATTORNEY FEES.
Costs awarded appellee upon affirmance of judgment should include actual expenses of appellee in supplementing appendix to accomplish a fair presentation of the issues and a reasonable attorney fee therefor, sums determinable by the trial court (GCR 1963, 816.5, as adopted October 9, 1964).

Appeal from Wayne; Wise (John M.), J. Submitted Division 1 February 10, 1965, at Detroit. (Docket No. 246.) Decided April 19, 1965.

Declaration by Wilma Rockey, administratrix of the estate of John Rockey, deceased, against General Motors Corporation for the wrongful death of John Rockey allegedly caused by the negligent unloading of steel. Judgment for defendant. Plaintiff appeals. Affirmed.

*Davidson, Gotshall, Kelly, Halsey & Kohl (John R. Secrest* and *Roger F. Wardle,* of counsel), for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (William P. Cooney* and *Charles T. McGorisk,* of counsel), for defendant.

Quinn, P. J. Plaintiff's decedent was employed January 31, 1959, by Intervale Steel Company as a truck driver. August 14, 1959, he delivered a load of steel from Intervale to defendant at its plant in Pontiac, Michigan, with a truck owned by Frizzell Cartage and leased by it to Intervale. The load consisted of eight bundles of steel of various sizes and weights, totaling in excess of 32 tons. After unloading part of the steel at one point on defendant's premises, Mr. Rockey moved the truck to another point to complete the unloading. At this location, he left the truck and squatted behind it, for some reason not apparent on this record. While in this position, some of the steel slid off the truck and decapitated him. Plaintiff brought suit on a theory of negligence. No eyewitness to the accident testified to any fact establishing negligence, nor to any fact from which negligence might be inferred. After extensive trial, the trial court directed a verdict of no cause for action.

Although the accident occurred on defendant's premises, there is nothing in the record to show, or from which it might be inferred, that the steel slid because of any act or omission of defendant or its employees; unless it is found in evidence excluded by the trial court. Plaintiff contends that the trial court erred in excluding this evidence which consisted of:

1. Testimony of witnesses Bates, an employee of defendant, and Frizzell dealing with a telephone conversation between them about two hours after the accident, in which it is claimed Bates admitted the accident occurred while the steel was being unloaded.

2. A pleading in another lawsuit which plaintiff contends contained an admission by defendant that the accident occurred during the unloading operation.

3. The testimony of plaintiff's expert witness, Charles Nagler.

Bates was a clerk in the traffic department of defendant. The traffic department deals with materials. Bates did not see the accident happen, nor did he go to the scene later, but he was instructed by a superior to locate the truck owner and notify him of the accident and of Rockey's death. About 8:30 p.m., some two hours after the accident, Bates reached Frizzell by telephone. The excluded testimony dealt with this telephone conversation. Bates could not recall more than the report of the accident and its results. Frizzell testified he was told the accident occurred while the truck was unloading and that a sling had broken or slipped.

Assuming that Bates made the statement as related by Frizzell, his authority to make it is not shown; in fact, Bates' testimony clearly indicates lack of such authority. The statement was not within the scope of Bates' employment and it was not part of the *res gestae*. It was not error to exclude this testimony. *Gorman* v. *McCleaf* (1963), 369 Mich 237.

The excluded pleading was from a suit for declaratory judgment in Federal district court in Detroit brought by Royal Indemnity Company, which had coverage for General Motors, against the Western Casualty & Surety Company, which had coverage for Frizzell. Cartage. The issue was which coverage applied to the Rockey accident and interpretation of the term "unloading" in the insurance contracts was involved. In Royal's complaint the phrase "in the course of the unloading of the sheet steel" appeared. Plaintiff here contends this is an admission by defendant that the accident in this case occurred during the unloading process. Taking this phrase out of context, as plaintiff does, it may support her

argument. In context, it has no such meaning. Assuming the phrase has the meaning plaintiff contends it has, it was not admissible. No party to this action pleaded it.

Plaintiff's expert was offered to prove that the steel had to be moved to have the accident happen as it did. All eyewitnesses called to testify said the steel was not being moved at the time of the accident. The contrary *opinion* of Nagler, which was excluded, was based on experiments conducted by him. These experiments were done in miniature and not under conditions similar to those shown to have existed at the time of the accident. The general rule on the admissibility of this type of evidence is well stated in 38 ALR2d 13, at p 21:

"A rule followed all but unanimously by the courts is that if the opinion of a witness is based on facts that can themselves adequately be presented to the jury and are of such a nature that ordinary men can understand them and draw a correct inference from them, it is inadmissible."

Michigan follows this rule, see *Washburn* v. *Lucas* (1964), 373 Mich 610. Nagler's testimony was properly excluded.

This record contains no evidence from which defendant's negligence could be inferred. The trial court properly directed a verdict of no cause for action, see *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417. The trial court is affirmed, with costs to appellee.

With respect to costs, it is the opinion of this Court that appellant's brief and appendix grossly disregarded the requirements of a fair presentation of the issues to this Court. Pursuant to GCR 1963, 816.5, now appellate rule 816.5,* these costs should include actual expenses of appellee in supplementing

---

* As adopted October 9, 1964. See 373 Mich lxiv.—REPORTER.

the appendix to accomplish a fair presentation of
the issues and a reasonable attorney fee therefor,
the amount of these costs and the attorney fee to
be determined by the trial court.

BURNS and T. G. KAVANAGH, JJ., concurred.