### SHEPARD *v.* BARNETTE.

1. AUTOMOBILES—DIRECTED VERDICT—NEGLIGENCE—EVIDENCE.

   The trial court erred in not directing a verdict for defendants, where the evidence, presented in the light most favorable to plaintiff, does not permit drawing a reasonable inference of negligence on the part of defendant driver (GCR 1963, 515.1).

2. APPEAL AND ERROR—HARMLESS ERROR—CORRECT VERDICT.

   Trial court's error in not directing a verdict for defendant to which they were entitled, *held,* harmless where jury verdict was in favor of defendants (GCR 1963, 529.1).

3. SAME—INSTRUCTIONS TO JURY—HARMLESS ERROR.

   Failure of trial court to instruct jury regarding future and permanent damages in personal injury case *held,* harmless error, if it were error, where jury never reached question of damages by reason of verdict of no cause of action in favor of defendants.

4. TRIAL—INSTRUCTIONS—PURPOSE.

   One of the main purposes of charge to a jury is to declare what rules of law will apply to any state of facts which may be found on the evidence.

5. NEGLIGENCE—CONTRIBUTORY AND SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE.

   Doctrines of contributory negligence and last clear chance, also called subsequent negligence, both presume negligence on part of plaintiff and defendant, and neither doctrine is applicable where there is no negligence on the part of defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.
[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018–1036.
[5, 6] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 376–379.

6. APPEAL AND ERROR—INSTRUCTIONS—INAPPLICABLE THEORY.
    Failure of trial court to instruct jury concerning contributory
        negligence and last clear chance, *held*, not error, where proofs
        did not show evidence of negligence on the part of defendants.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 June 2, 1966, at Lansing. (Docket No. 1,328.) Decided September 13, 1966.

Complaint by Roger Dale Shepard, a minor, by his next friend, LaVera Shepard, and derivative action by Dale Shepard, against Arleen Mae Barnette and Carleton Barnette for personal injuries resulting from traffic accident. Verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*Warner, Hart, Warner & Timmer,* for plaintiffs.

*Newman & Mackay,* for defendants.

T. G. KAVANAGH, J. This suit is based on an accident that occurred in Lansing, Michigan, at an intersection controlled by traffic and pedestrian lights.

The minor plaintiff, then 7 years and 3 months of age, was crossing the street against the pedestrian "wait" light and was struck by the defendants' vehicle which was proceeding on the green light.

The case was tried before a jury which rendered verdict of no cause for action.

Plaintiffs appeal asserting as error the trial court's refusal to give their requests to charge dealing with the capacity of a seven-year-old for contributory negligence, with future and permanent damages, and with the theory of "last clear chance."

Defendants cross-appeal claiming it was error for the trial court to deny their motion for a directed verdict of no cause for action.

A thorough review of the record fails to disclose any evidence of negligence on the part of the defendants. We find the trial court erred in denying defendants' motion for directed verdict made pursuant to GCR 1963, 515.1. Upon viewing all the evidence presented in the light most favorable to the plaintiff, as we are required to do, see *Sahr* v. *Bierd* (1958), 354 Mich 353, a reasonable inference of negligence on the part of the defendants cannot be drawn.

While we are convinced defendants' motion for directed verdict should have been granted, the trial court's refusal to do so in the instant case did not adversely affect the defendants in view of the verdict of no cause for action rendered by the jury. We therefore hold this error to be harmless as defined by GCR 1963, 529.1.

Plaintiffs allege as error the court's failure to instruct regarding future and permanent damages. Assuming plaintiffs' allegations to be true, we hold this to be harmless also, since the jury in its deliberations never reached this question. *Peden* v. *Carpenter* (1958), 352 Mich 604, 610.

Finally, we conclude that plaintiffs' two remaining assertions of error are without foundation. They assert as error the court's failure to give a request to charge dealing with the capacity of a seven-year-old for contributory negligence and one dealing with the theory of "last clear chance." Contributory negligence and the theory of "last clear chance," also known as the "subsequent negligence" doctrine, both presume negligence on the part of the plaintiff and defendant. Absent negligence by one or the other, neither doctrine is applicable. *Fike* v. *Pere Marquette R. Co.* (1913), 174 Mich 167; *Calvert* v. *Detroit United Ry.* (1918), 202 Mich 311; and *Szost* v. *Dykman* (1930), 252 Mich 151.

Here, as we stated previously, there was no showing of negligence on the part of the defendants. We

therefore hold the court did not err in failing to give such inapplicable requests to charge, especially since one of the main purposes of a charge to a jury is to declare what rules of law will apply to any state of facts which may be found on the evidence. *Souvais* v. *Leavitt* (1883), 50 Mich 108.

Judgment affirmed. Costs to defendants.

LESINSKI, C. J., and McGREGOR, J., concurred.