## ANDERSON v MERKEL

Docket No. 55194. Argued October 8, 1974 (Calendar No. 10).—Decided April 7, 1975.

Lucille M. Anderson and Lowell W. Anderson brought an action against Joseph E. Merkel, Jr., for damages for injuries sustained when Lucille slipped and fell while walking through a passageway in defendant's restaurant. There was conflicting testimony as to whether there was ice from a nearby ice-making machine on the walkway at the moment of the plaintiff's fall. The Shiawassee Circuit Court, James M. Teahen, J., sitting without a jury, found that there was no negligence on the part of defendant and no testimony that the ice-making machine in its location was a dangerous instrumentality or condition, and further that plaintiffs had failed to show that the condition had existed for a sufficient length of time to attribute constructive knowledge to defendant or his employees, and gave judgment for the defendant. The Court of Appeals, T. M. Burns, P. J., and McGregor and Van Valkenburg, JJ., affirmed in a memorandum opinion (Docket No. 14522). Plaintiffs appeal. *Held:*

1. If there was ice on the floor at the time of the fall, plaintiffs would not have to show that defendant had actual or constructive knowledge of the condition where it was created by defendant's employees.

2. It is not fully clear from the trial judge's opinion exactly what he did find but he addressed himself to the wrong question in deciding this case, and it must be remanded for further consideration by the judge who tried the case, to be appointed pursuant to Const 1963, art 6, § 23, as amended in 1968.

Vacated and remanded for further consideration.

1. NEGLIGENCE—NOTICE—ACTS OF EMPLOYEES.

A restaurant owner is not entitled as a matter of law to separate notice on each occasion that ice has been spilled on the floor,

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Master and Servant §§ 108, 109.
[2] 57 Am Jur 2d, Negligence § 360.

creating a hazardous condition, where it is his employees who have created the condition and he has had ample notice on prior occasions that they have done so.

2. Trial—Negligence—Slip-and-Fall—Incorrect Law—Reconsideration.

Further consideration of a slip-and-fall case by the judge who tried the case is necessary where the findings of fact made by the trial judge are not clear from his opinion, and where an incorrect statement of law in the opinion persuades the Court that the trial judge addressed himself to the wrong question.

*Burwell & Shrank,* for plaintiffs.

*Des Jardins & Des Jardins,* for defendant.

T. G. Kavanagh, C. J. In this slip and fall case the plaintiff was injured while walking through a passageway in defendant's restaurant. Close to the passageway there was an ice-making machine from which ice had been spilled on previous occasions. There was conflicting testimony as to whether there was ice on the walkway at the moment of the plaintiff's fall.

The trial judge, sitting without a jury, gave a judgment of no cause, finding as a matter of fact that there was no negligence on the part of the defendant nor was there any testimony that the ice machine in its location was "per se a dangerous instrumentality or condition". The trial judge found further that the plaintiffs "failed to show that the condition existed for a sufficient length of time to attribute constructive knowledge to defendant or his employees".

The Court of Appeals in a memorandum opinion affirmed.

Plaintiffs claim, and we agree, that the trial judge was in error when relying on *Winfrey v S S Kresge Co,* 6 Mich App 504; 149 NW2d 470 (1967), he concluded as a matter of law that the plaintiffs

had to "show that the condition existed for a sufficient length of time to attribute constructive knowledge to the defendant or his employees".

If there was ice on the floor at the time of fall, the plaintiffs would not have to show that defendant had actual or constructive knowledge of the condition. Defendant had ample notice that ice had been spilled by his employees on prior occasions. He is not entitled as a matter of law to separate notice on each subsequent occurrence, for the condition was created by his employees.

We hold that the correct rule of law was stated in *Hulett v Great Atlantic & Pacific Tea Co,* 299 Mich 59; 299 NW 807 (1941):

"It was not necessary for plaintiff to prove defendant had actual or constructive knowledge of the hazardous condition of its floor, as the alleged negligence was the act of defendant in creating this condition. Defendant could not by its own act create a hazardous condition and then demand that plaintiff, who was injured as a result thereof, prove it had knowledge of such condition. Knowledge of the alleged hazardous condition created by defendant itself is inferred."

If the court had expressly found that 1) there was no ice on the floor, or 2) there was ice on the floor but the plaintiff did not slip on it, his decision would have to be affirmed. As fact finder he would have been free to reject the evidence that there was ice on the floor or equally free to find the plaintiff did not slip on it.

It is not fully clear, however, from the trial judge's opinion exactly what he did find.

Because of his reliance on *Winfrey, supra,* we are persuaded that the trial judge addressed himself to the wrong question in deciding this case.

Accordingly we set aside the judgment and re-

mand for further consideration by the judge who tried this case. See *Dauer v Zabel,* 381 Mich 555 at 558; 164 NW2d 1 (1969).

Costs to abide the event.

T. M. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with T. G. KAVANAGH, C. J.