WHITMORE v SEARS, ROEBUCK & COMPANY

Docket No. 31419. Submitted November 7, 1978, at Detroit.—Decided
March 19, 1979. Leave to appeal denied, 406 Mich 985.

Natalie Whitmore brought an action against Sears, Roebuck &
Company and Globe Union Company for damages for injuries
she suffered in a fall in the parking lot of a Sears retail store.
She alleged that an employee of Globe Union spilled fuel from
a truck onto the parking lot and that she slipped when she
inadvertently walked onto the spilled fuel. The jury returned a
verdict against Sears in the amount of $40,000 and found no
cause of action in favor of Globe Union. Upon motion by Sears
for judgment notwithstanding the verdict, the St. Clair Circuit
Court, Ernest F. Oppliger, J., modified the verdict, setting
damages at $30,000 and holding both defendants jointly and
severally liable. Both defendants appeal, alleging among other
things that the trial court erred when it denied their motions
for directed verdicts at the close of plaintiff's proofs. *Held:*

The plaintiff failed to make out a prima facie case of negli-
gence against either of the defendants. There was no testimony
to link Globe Union with the spilled fuel on the parking lot.
There was no testimony from which it could be inferred that
the fuel was on the lot as a result of the actions of employees of
Sears or that Sears had actual notice that the fuel was there or
that it had been there for a considerable period of time suffi-
cient to justify an inference that Sears should have known of
its presence. The motions for directed verdict should have been
granted.

Reversed, and remanded for entry of judgments in favor of
both defendants.

1. NEGLIGENCE — VERDICT — DIRECTED VERDICT.

A trial court is justified in directing a verdict of no cause of

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence § 7.
[2] 62 Am Jur 2d, Premises Liability § 212.
[3] 62 Am Jur 2d, Premises Liability § 198.
[4] 5 Am Jur 2d, Appeal and Error § 886.
[5] 57 Am Jur 2d, Negligence § 141.
[6] 62 Am Jur 2d, Premises Liability § 16.

action where there is no evidence from which a defendant's negligence may be found or inferred.

2. NEGLIGENCE — STOREKEEPERS — UNSAFE CONDITIONS.

A storekeeper has a duty to provide reasonably safe aisles for his customers and he is liable for injury resulting from an unsafe condition caused by either the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it.

3. NEGLIGENCE — STOREKEEPERS — UNSAFE CONDITIONS — DIRECTED VERDICT.

It may be inferred that a storekeeper had notice of an unsafe condition on the premises where there is evidence that the condition had existed for a length of time sufficient to have enabled a reasonably careful storekeeper to discover it; however, a directed verdict in favor of a defendant storekeeper is proper where there is no evidence to show that an unsafe condition existed for a considerable time.

4. MOTIONS — APPEAL AND ERROR — DIRECTED VERDICT — BURDEN OF PROOF.

A motion for a directed verdict made at the close of a plaintiff's proofs is reviewed by examining only the plaintiff's case in chief to determine whether the plaintiff has carried the burden of proof.

5. NEGLIGENCE — CIRCUMSTANTIAL EVIDENCE — PRIMA FACIE CASE.

Negligence may be established by circumstantial evidence, and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts, at least a prima facie case is made.

6. NEGLIGENCE — PRIMA FACIE CASE — BURDEN OF PROOF — INFERENCES.

A plaintiff who slipped and fell on an oily substance in the parking lot of a retail store failed to carry the burden of establishing a prima facie case of negligence against the defendant store owner where there was no testimony from which it could be inferred that the substance came there as a result of the actions of the store's employees or that the owner had actual notice of the presence of the substance and no evidence from which the jury could infer that the substance had been there for some time.

*Cummings, Monaghan, Thomas & McColl* (by *John C. McColl* and *John B. McNamee),* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P.C., (Gromek & Bendure,* of counsel), for Sears, Roebuck & Company.

*Robert B. Tatham, (Norman L. Zemke,* of counsel on appeal), for Globe Union Company.

Before: ALLEN, P.J., and R. M. MAHER and J. E. TOWNSEND,* JJ.

R. M. MAHER, J. Plaintiff Natalie Whitmore brought this action for damages she allegedly suffered in a fall in the parking lot of the Port Huron store of defendant Sears. Defendant Globe Union Company's liability was premised on the action of its driver in causing fuel to spill from its truck onto the Sears parking lot, creating a slippery area on which plaintiff fell. At the close of plaintiff's proofs, defendants moved for a directed verdict. The motion was denied by the trial court, and defendants proceeded to present their defenses. The jury returned a verdict in favor of plaintiff and against defendant Sears for $40,000. As against defendant Globe Union, the jury found no cause of action. Sears filed a motion for judgment n.o.v. or, in the alternative, for a new trial. Upon consideration of this motion, the trial court modified the jury's verdict to $30,000 and ordered that both defendants be held jointly and severally liable therefor. Both defendants now appeal, Sears alleging *inter alia* error in the trial court's denial of its motion for a directed verdict. Globe Union joins in Sears' claims of error and alleges in addi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion that the trial court erred in making it jointly and severally liable for the judgment against Sears.

The only evidence presented by plaintiff at trial was her own testimony and that of a companion who witnessed her fall. Plaintiff's companion, Emily Blackney, testified that she went with plaintiff, in plaintiff's automobile, to Sears at about 10:30 a.m. on August 16, 1972. They parked in the south corner of the parking lot and entered the store to shop. Later, they went to a nearby restaurant for lunch, returning to the store after about an hour. Upon returning to Sears, they picked up a catalog at the catalog desk and then left the store. As they walked to Mrs. Whitmore's car, Mrs. Blackney noticed a wet area on the parking lot just as she stepped into it. She started to warn plaintiff to watch her step, but at the same moment plaintiff fell onto her knees. After the fall, plaintiff was assisted by several Sears employees, who also took steps to soak up the wet substance, which now appeared to be a petroleum product.

Plaintiff's testimony regarding her movements on the day in question confirmed Mrs. Blackney's testimony. Plaintiff added only that they left the restaurant at about noon to return to Sears and left immediately after picking up the catalog. She testified that she did not see the substance on the parking lot until she stepped in it, although she acknowledged that she had a clear view of the area. The remainder of plaintiff's testimony concerned the damages she allegedly suffered as a result of the fall.

Defendants claim that their motions for directed verdicts should have been granted because plaintiff failed to make out a prima facie case of negligence against either of them. We are constrained to

agree. We note first of all that there was no testimony whatsoever to link Globe Union with the substance on the parking lot which allegedly caused plaintiff's fall. Neither plaintiff nor her witness testified to seeing Globe Union's agent spill the oily substance or, indeed, to seeing anyone or anything connected with Globe Union in the parking lot or nearby. Where there is no evidence from which defendant's negligence may be inferred, the trial court is justified in directing a verdict of no cause of action, *Rockey v General Motors Corp,* 1 Mich App 100; 134 NW2d 371 (1965). We have no doubt that the trial court in this case erred in denying Globe Union's motion for a directed verdict. In view of the fact that the jury rendered a verdict of no cause of action against Globe Union, the error might be considered harmless, *Shepard v Barnette,* 4 Mich App 243; 144 NW2d 685 (1966). Because the trial court set aside that verdict and entered judgment against Globe Union, however, we are constrained to reverse the judgment against Globe.

The error committed by the trial court in denying Sears' motion for a directed verdict, on the other hand, cannot be regarded as harmless, in view of the subsequent jury verdict against Sears. The cause of action against Sears rests on a storekeeper's duty to provide safe premises for business invitees. The parameters of that duty were summarized in *Serinto v Borman Food Stores,* 380 Mich 637, 640-641; 158 NW2d 485 (1968), quoting a much earlier case:

"*Carpenter v Herpolsheimer's Co.* (1937), 278 Mich 697 [271 NW 575] (syllabus 1), distinctly and concisely sets forth defendant's duty as a storekeeper, as follows:

" 'It is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury

resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or *has existed a sufficient length of time that he should have had knowledge of it.'* (Emphasis ours.)"

See also *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975).

Thus, in order to recover from Sears, plaintiff must show either that an employee of Sears caused the unsafe condition or that a servant of Sears knew or should have known that the unsafe condition existed, *Anderson v Merkel,* 393 Mich 603; 227 NW2d 554 (1975), *Suci v Mirsky,* 61 Mich App 398; 232 NW2d 415 (1975). Notice may be inferred from evidence that the unsafe condition has existed for a length of time sufficient to have enabled a reasonably careful storekeeper to discover it, *Suci v Mirsky, supra, Winfrey v S S Kresge Co,* 6 Mich App 504; 149 NW2d 470 (1967). Where there is no evidence to show that the condition had existed for a considerable time, however, a directed verdict in favor of the storekeeper is proper, *Serinto v Borman Food Stores, supra, Suci v Mirsky, supra, Winfrey v S S Kresge Co, supra. Cf. Holliday v National Dairy Products Corp,* 391 Mich 816 (1974), *reversing* 50 Mich App 366; 213 NW2d 289 (1973).

Plaintiff had the burden of producing evidence sufficient to make out a prima facie case, *Snider v Bob Thibodeau Ford, Inc,* 42 Mich App 708; 202 NW2d 727 (1972), *Rose v McMahon,* 10 Mich App 104; 158 NW2d 791 (1968). Where a motion for directed verdict was made at the close of plaintiff's proofs, we look only at plaintiff's case in chief to determine whether she has carried her burden, *Taylor v Butcher,* 349 Mich 581; 84 NW2d 779

(1957), *Snyder v Johnson,* 264 Mich 286; 249 NW 856 (1933).[1] Should we find any evidence there, however slight and circumstantial in nature, from which a jury could infer that defendant was negligent, we would then weigh defendant's proofs to determine whether they bolster the inference of negligence or rebut it, *Mitcham v Detroit,* 355 Mich 182; 94 NW2d 388 (1959), *Kasza v Detroit,* 370 Mich 7; 120 NW2d 784 (1963). This latter rule is sometimes referred to as the Michigan version of the doctrine of *res ipsa loquitur, Gadde v Michigan Consolidated Gas Co,* 377 Mich 117; 139 NW2d 722 (1966), *Weisenberg v Village of Beulah,* 352 Mich 172; 89 NW2d 490 (1958). The doctrine was well-articulated in *Burghardt v Detroit United Ry,* 206 Mich 545, 546-547; 173 NW 360; 5 ALR 1333 (1919), quoted in *Gadde, supra,* 121:

" 'This Court has not adopted the rule *res ipsa loquitur;* we have uniformly held that the happening of the accident alone is not evidence of negligence; and we have as uniformly held that negligence may be established by circumstantial evidence, and that where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts that at least a *prima facie* case is made.' "

See also *Stefan v White,* 76 Mich App 654; 257 NW2d 206 (1977), *Rose v McMahon, supra.*

Applying these rules to the case before us, we conclude that plaintiff did not establish circumstances "such as to take the case out of the realm of conjecture" and into "the field of legitimate inferences from established facts". *Gadde, supra,*

---

[1] As authority for the proposition that a denial of a motion for directed verdict is reviewed as of the time it was made, the cited cases cite 1948 CL 618.56 and 618.57 and their predecessor statutes, which have been carried forward, substantially unchanged, as GCR 1963, 515.

121. Plaintiff established that there was an oily substance on Sears' parking lot at the spot where she fell, from which one might be able to infer that the substance caused her fall, *cf. Stefan v White, supra.* There is no testimony, however, from which one may infer that the substance came there as a result of the actions of Sears' employees; nor is there evidence that Sears had actual notice of the presence of the substance. Finally, there is no testimony that the substance had been in the parking lot for a considerable period of time, evidence from which the inference could be drawn that Sears should have known of its presence. Indeed, there is no evidence from which a jury could *infer* that the substance had been on the parking lot surface for some time *(e.g.,* testimony that many cars appeared to have driven through the substance). Here, as was the case in *Serinto v Borman Food Stores, supra,* the substance was indisputably at the spot where plaintiff fell, but how and when it came there were matters of conjecture.

Plaintiff failed to carry the burden of establishing a prima facie case against defendants; defendants' motions for directed verdicts at the close of plaintiff's case should therefore have been granted. We therefore reverse and remand for entry of judgments in favor of both defendants. Because of our disposition of this issue, we do not reach defendants' other claims of error.

Reversed.