NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0552n.06

No. 14-2504

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 06, 2015
DEBORAH S. HUNT, Clerk

LORA GONZALES,

      Plaintiff-Appellant,

v.

TARGET CORPORATION,

      Defendant-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:    CLAY and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge.[*]

**CLAY, Circuit Judge.**  Plaintiff Lora Gonzales appeals the district court's grant of summary judgment in favor of Defendant Target Corporation in this negligence action arising out of Gonzales' slip and fall at a Target store. For the reasons that follow, we **REVERSE** the district court's judgment.

**I.**

Target is a discount retailer with nearly 2,000 stores operating across the United States. On August 28, 2012, Gonzales entered Target's Sterling Heights, Michigan store with her minor daughter. Video surveillance footage shows that at approximately 10:24:22 a.m., Target employee Anthony Pascaretti walked down the main aisle of the store—passing the location

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

where Gonzales would eventually fall—on his way to the electronics department.  Seven minutes later, at approximately 10:31:34 a.m., Gonzales is seen walking down the main aisle of the store and appears to slip and then fall.  Store employees immediately converged on Gonzales, helped her to her feet, and procured a cold compress for her injured left knee.  Gonzales informed the store that she slipped on what appeared to be small puddles of water spanning about five feet.  Store employees confirmed that there was water at the site of the fall.

Gonzales subsequently filed this diversity suit alleging that Target was negligent in failing to maintain safe premises at its Sterling Heights store.  Specifically, Gonzales alleges that Target had constructive notice of the spilled water, failed to clean it up, and she was injured as a result.  The district court granted Target's motion for summary judgment, holding that Gonzales failed to present sufficient evidence that Target should have been aware of the hazardous condition.

## II.

We review a district court's grant of summary judgment *de novo*.  *Moore v. Menasha Corp.*, 690 F.3d 444, 449 (6th Cir. 2012).  The moving party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether summary judgment was proper, we "view the facts and any inferences reasonably drawn from them in the light most favorable to the [nonmoving] party."  *Kalamazoo Acquisitions, L.L.C., v. Westfield Ins. Co., Inc.*, 395 F.3d 338, 342 (6th Cir. 2005).  Sitting in diversity, we apply Michigan substantive law and federal procedural law.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001).

Under Michigan law, shopkeepers have a duty to maintain reasonably safe premises. *Clark v. Kmart Corp.*, 634 N.W.2d 347, 348 (Mich. 2001). A shopkeeper is negligent and thus liable for injury resulting from an unsafe condition if he: (1) actively caused the hazard, (2) knew about the hazard, or (3) should have known about the hazard. *Id.* at 348–49. Under this third theory of liability, a shopkeeper can be charged with constructive notice if the unsafe condition "is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Id.* at 349. A plaintiff can use circumstantial evidence to establish negligence, as long as the inferences drawn from the evidence are reasonable and constitute more than mere speculation or conjecture. *Whitmore v. Sears, Roebuck & Co.*, 279 N.W.2d 318, 321 (Mich. Ct. App. 1979).

In this case, Gonzales proceeds under the constructive notice theory of liability. She claims that the unsafe condition existed at the time that Pascaretti walked by the fall site, and therefore Target should have known about it and fixed the problem. (Target admits that if there was water on the floor when Pascaretti walked by, then he should have noticed it and cleaned it up. But Target denies that there was water on the floor when Pascaretti passed.) Gonzales argues that the water must have been on the floor when Pascaretti walked past the fall site because in the seven minute interval between his passing and her fall, the surveillance video shows that nine customers walked by the fall location and none of them appear to be holding a bottle of water and none of them appear to spill anything.

The district court rejected this argument, concluding that "the visual quality of the surveillance footage is simply too poor" to determine what the passing customers were doing with their hands or whether any of them spilled anything. The court granted Target's motion for

summary judgment because Gonzales presented no other evidence supporting her theory of constructive notice.

Gonzales argues that the district court erred in disregarding the surveillance footage, and we are inclined to agree. Sure enough, the video is somewhat pixelated. But we cannot say as a matter of law that the quality is so poor that a reasonable factfinder would be unable to conclude that a particular customer: was not holding a bottle of water (because, for example, her hands were on a shopping cart); did not actively spill something (based on body language); or did not unknowingly spill something (because, for example, she had nothing in her hands and her shopping cart was empty). And if the jury were to find that none of the passing customers were responsible for the spilled water, Gonzales can establish that the hazard was present when Pascaretti walked by and Target therefore should have known about it. Under these circumstances, summary judgment is inappropriate.

## III.

For the foregoing reasons, we **REVERSE** the district court's judgment and **REMAND** for further proceedings consistent with this opinion.

McKEAGUE, Circuit Judge, concurring. I see two plausible explanations as to what happened here. *First*, as the majority explains, the puddles were on the floor when the Target employee walked by the spot, seven minutes before Gonzales fell. *See* Majority Op. at 4. *Second*, as Target argues, the puddles were *not* on the floor when the Target employee walked by because one of the ten customers spilled the liquid *after* the employee walked by. Gonzales must persuade us that a jury could reasonably find the first explanation, rather than the second, *more likely than not* occurred. For if there are "two or more plausible explanations as to how an event happened," no one more likely than the other, the explanations "remain conjectures only"—not enough to prevail under Michigan law. *Kaminski v. Grand Trunk W. R. Co.*, 79 N.W.2d 899, 901–02 (Mich. 1956). I join the majority in holding that Gonzales has met her burden here. But I write separately because of my reservations as to this conclusion.

Gonzales concedes that she doesn't "have a case" without the surveillance video. Oral Argument at 00:37–42, *Gonzales v. Target Corp.* (No. 14-2504). But that video far from clinches her case. It's too blurry, too far away, and too obscured by a pillar to see whether there was any liquid on the floor when the Target employee walked by the spot Gonzales later fell. And after he walked by, in the seven minutes before the fall, ten customers passed through the same spot. Some pushed carts. One jumped on the back of the cart and rode it like a scooter. One swung only her right arm as she walked, apparently carrying something in her left arm. Over half of these customers walked through the exact spot where Gonzales would later fall. Not one looked down, changed direction, or otherwise showed signs of seeing puddles. So: Could a jury conclude from *that evidence* that the water was more likely than not on the floor when the Target employee walked by, seven minutes prior?

We say yes, holding that the surveillance video—coupled with the inferences we draw in the plaintiff's favor at summary judgment—sufficiently makes this a jury question. But the case is much closer than the majority lets on. I worry that the video leaves us—and the jury—speculating about what *might* have happened. And if that's the case, we would affirm the grant of summary judgment, because the jury cannot be left "to speculate as to when the spill occurred to determine whether defendant's employees had constructive notice." *Guthre v. Lowe's Home Centers, Inc.*, 204 F. App'x 524, 527 (6th Cir. 2006) (Michigan citation omitted). We uphold summary judgment when there is "no way of knowing whether the [dangerous condition] had been on the floor all day or for merely five seconds." *Id.* We instead hold here that Gonzales has barely—but just barely—"take[n] the case out of the realm of conjecture," as she must in Michigan slip-and-fall cases. *Whitmore v. Sears, Roebuck & Co.*, 279 N.W.2d 318, 321 (Mich. 1979); *see Skinner v. Square D Co.*, 516 N.W.2d 475, 480 (Mich. 1994).

A jury, American law's traditional factfinder, will thus decide the case. But the district court did not go too astray in granting summary judgment to Target. While the panel reverses and sends the case to a jury, I absolutely see the merits in coming out the other way.