CLAY, Circuit Judge.
Plaintiff Lora Gonzales appeals the district court’s grant of summary judgment in favor of Defendant Target Corporation in *518 this negligence .action arising out of Gonzales’ slip and fall at a Target store. For the reasons that follow, we' REVERSE the district court’s judgment.
I.
Target is a discount retailer with nearly 2,000 stores operating across the United States. On August 28, 2012, Gonzales entered Target’s Sterling Heights, Michigan store with her minor daughter. Video surveillance footage shows that at approximately 10:24:22 a.m., Target employee Anthony Pascaretti walked down the main aisle of the store — passing the location where Gonzales would eventually fall — on his way to the electronics department. Seven minutes later, at approximately 10:31:34 a.m., Gonzales is seen walking down the main aisle of the store and appears to slip and then fall. Store employees immediately converged on Gonzales, helped her to her feet, and procured a cold compress for her injured left' knee. Gonzales informed the store that she slipped on what appeared to be small puddles of water spanning about five feet. Store employees confirmed that there was water at the site of the fall.
Gonzales subsequently filed this diversity suit alleging that Target was negligent in failing to maintain safe premises at its Sterling Heights store. Specifically, Gonzales alleges that Target had constructive notice of the spilled water, failed to clean it up, and she was injured-as a result. The district court granted Target’s motion for summary judgment, holding that Gonzales failed to present sufficient evidence that Target should have been aware of the hazardous condition.
II.
We review a district court’s grant of summary judgment de novo. Moore v. Menasha Corp., 690 F.3d 444, 449 (6th Cir.2012). The moving party is entitled to summary judgment if “there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,” Fed.R.Civ.P. 56(a). In determining whether summary judgment was proper, we “view the facts and any inferences reasonably drawn from them in the light most favorable to the [nonmoving] party.” Kalamazoo Acquisitions, L.L.C., v. Westfield Ins. Co., Inc., 395 F.3d 338, 342 (6th Cir.2005). Sitting in diversity, we apply Michigan substantive law and federal procedural law. Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir.2001).
Under Michigan law, shopkeepers have a duty to maintain reasonably safe premises. Clark v. Kmart Corp., 465 Mich. 416, 634 N.W.2d 347, 348 (2001). A shopkeeper is negligent and thus liable for injury resulting from an unsafe condition if he: (1) actively caused the hazard, (2) knew about the hazard, or (3) should have known about the hazard. Id. at 348-49. Under this third theory of liability, a shopkeeper can be charged with constructive notice if the unsafe condition “is of such a character or has existed a sufficient length of time that he should have had knowledge of it.” Id. at 349. A plaintiff can use circumstantial evidence to establish negligence, as long as the inferences drawn from the evidence aré reasonable and constitute more than mere speculation or conjecture. Whitmore v. Sears, Roebuck & Co., 89 Mich.App. 3, 279 N.W.2d 318, 321 (1979).
In this case, Gonzales proceeds under the constructive notice theory of liability. She claims that the unsafe condition existed at the time that Pascaretti walked by the fall site, and therefore Target should have known about it and fixed the problem. (Target admits that if there was water on the floor when Pascaretti walked by, then he should have noticed it and cleaned it up. But Target denies that *519 there was water on the floor when Pascar-etti passed.) Gonzales argues that the water must have been on the floor when Pascaretti walked past the fall site because in the seven minute interval between his passing and her fall, the surveillance video shows that nine customers walked by the fall location and none of them appear to be holding a bottle of water and none of them appear to spill anything.
The district court rejected this argument, concluding that “the visual quality of the surveillance footage is simply too poor” to determine what the passing customers were doing with their hands or whether any of them spilled anything. The court granted Target’s motion for summary judgment because Gonzales presented no other evidence supporting her theory of constructive notice.
Gonzales argues that the district court erred in disregarding the surveillance footage, and we are inclined to agree. Sure enough, the video is somewhat pixelated. But we cannot say as a matter of law that the quality is so poor that a reasonable factfinder would be unable to conclude that a particular customer: was not holding a bottle of water (because, for example, her hands were on a shopping cart); did not actively spill something (based on body language); or did not unknowingly spill something (because, for example, she had nothing in her hands and her shopping cart was empty). And if the jury were to find that none of the passing customers were responsible for the spilled water, Gonzales can establish that the hazard was present when Pascaretti walked by and Target therefore should have known about it. Under these circumstances, summary judgment is inappropriate.
III.
For the foregoing reasons, we REVERSE the district court’s judgment and REMAND for further proceedings consistent with this opinion.