McKEAGUE, Circuit Judge,
concurring.
I see two plausible explanations as to what happened here. First, as the majority explains, the puddles were on the floor when the Target employee walked by the spot, seven minutes before Gonzales fell. See Majority Op. at 519. Second, as Target argues, the puddles were riot on the floor when the Target employee walked by because one of the ten customers spilled the liquid after the employee walked by. Gonzales must persuade us that a jury could reasonably find the first explanation, rather than the second, more likely than not occurred. For if there are “two or more plausible explanations as to how an event happened,” no one more likely than the other, the explanations “remain conjectures only” — not enough to prevail under Michigan law. Kaminski v. Grand Trunk W. R. Co., 347 Mich. 417, 79 N.W.2d 899, 901-02 (1956). I join the majority in holding that Gonzales has met her burden here. But I write separately because of my reservations as to this conclusion.
Gonzales concedes that she doesn’t “have a case” without the surveillance video. Oral Argument at 00:37-42, Gonzales v. Target Corp, (No. 14-2504). But that video far from clinches her case. It’s too blurry, too far away, and too obscured by a pillar to see whether there was any liquid on the floor when the Target employee walked by the spot Gonzales later fell. And after he walked by, in the seven minutes before the fall, ten customers passed through the same spot. Some pushed carts. One jumped on the back of the cart and rode it like a scooter. One swung only her right arm as she walked, apparently carrying something in her left arm. Over half of these customers walked through the exact spot where Gonzales would later *520 fall. Not one looked down, changed direction, or otherwise showed signs of seeing puddles. So: Could a jury conclude from that evidence that the water was more likely than not on the floor when the Target employee walked by, seven minutes prior?
We say yes, holding that the surveillance video — coupled with the inferences we draw in the plaintiffs favor at summary judgment — sufficiently makes this a jury question. But the case is much closer than the majority lets on. I worry that the video leaves us — and the jury — speculating about what might have happened. And if that’s the case, we would affirm the grant of summary judgment, because the jury cannot be. left “to speculate as to when the spill occurred to determine whether defendant’s employees had constructive notice.” Guthre v. Lowe’s Home Centers, Inc., 204 Fed.Appx. 524, 527 (6th Cir.2006) (Michigan citation omitted). We uphold summary judgment when there is “no way of knowing whether the [dangerous condition] had been on the floor all day or for merely five seconds.”. Id. We instead hold here that Gonzales has barely— but just barely — “take[n] the case out of the realm of conjecture,” as she must in Michigan slip-and-fall cases. Whitmore v. Sears, Roebuck & Co., 89 Mich.App. 3, 279 N.W.2d 318, 321 (1979); see Skinner v. Square D Co., 445 Mich. 153, 516 N.W.2d 475, 480 (1994).
A jury, American law’s traditional fact-finder, will thus decide the case. But the district court did not go too astray in granting summary judgment to Target. While the panel reverses and sends the case to a jury, I absolutely see the merits in coming out the other way.