*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY ROBINSON,

        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, KAREN MARIA
FARMER,

        Defendants,

and

CITY OF DETROIT,

        Defendant-Appellant.

UNPUBLISHED
September 5, 2024

No. 367081
Wayne Circuit Court
LC No. 22-000241-NI

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

This case is a third-party no fault action by plaintiff, Anthony Robinson, to recover damages for noneconomic loss under MCL 500.3135(1). Defendant, the City of Detroit ("the City"), appeals as of right the July 19, 2023 order denying its motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law) and (C)(10) (genuine dispute of material fact).[1] The City seeks reversal of the circuit court's order, arguing the circuit court erred in denying summary disposition to the City when (1) Robinson failed to plead his claims against the City in

---

[1] Robinson also filed a claim against Karen Maria Farmer, a City of Detroit employee and the driver of the bus that collided with Robinson's vehicle and brought rise to his complaint. Robinson's claim against Farmer was summarily dismissed on MCR 2.116(C)(7) grounds. Farmer does not participate in this appeal, but Farmer and the City are referred to as "defendants" when necessary because they collectively brought a motion for summary disposition against Robinson in this matter.

avoidance of governmental immunity; and (2) there was no genuine dispute of material fact that Farmer was not negligent in her operation of the bus, which entitled the City to a judgment as a matter of law. We affirm the circuit court's order denying summary disposition to the City on MCR 2.116(C)(7) grounds, but reverse the circuit court's order denying summary disposition to the City on (C)(10) grounds.

## I. FACTUAL BACKGROUND

This case arises from a motor vehicle collision that occurred between Robinson's 2003 Ford Mercury and a 2017 New Flyer City of Detroit Bus ("the bus") driven by Farmer on April 15, 2021. Robinson alleged that he was driving southbound on Greenfield Road in Detroit when the bus struck him. At his deposition, Robinson testified he was driving to a friend's house and was getting ready to make a U-turn. Robinson said he saw the bus behind him and drove past the bus to pull over, but as he was passing the bus, "[t]he next thing I know my car is turning around. The bus hit me and took me on down the street." He also testified "[the bus] hit me on the side and hacked me sideways mostly." Later in his deposition, Robinson's account of the collision changed slightly: "[The bus] kind of just like spinned [sic] me around. It didn't move me like dragging me down the street or nothing like that, it turned the vehicle completely around."

On January 7, 2022, Robinson filed a complaint against the City, Farmer, and State Farm Mutual Automobile Insurance Company ("State Farm"). Count I was a claim for tort liability for noneconomic loss under MCL 500.3135(1). Within Count I, Robinson alleged Farmer was negligent for reckless driving under MCL 257.626, MCL 257.626(b), and MCL 257.627(1), and that as a direct and proximate result, Farmer was liable for Robinson's injuries. Counts II and III of the complaint made allegations against State Farm. Although the City is listed as a party in the caption of the complaint, Robinson made no specific allegations against the City and did not reference the Government Tort Liability Act (GTLA), MCL 691.1401 *et seq*., anywhere in the complaint.

Defendants responded to Robinson's complaint, asserting governmental immunity from tort liability under the GTLA, and collectively filed a motion for summary disposition under MCR 2.116(C)(7) (governmental immunity) and (C)(10) (no genuine dispute of material fact). Defendants' motion accurately described the video footage as follows:

> Contrary to the allegations in [Robinson's] Complaint and deposition testimony, the [bus] video shows that [Robinson], who was initially operating his vehicle in the left lane of southbound Greenfield, changed lanes from the left lane to the right lane and proceeded to merge further right, towards the curb, and into the path of the City [bus], as the [bus] traveled closely alongside the curb at a low speed. [Robinson] entered the lane of travel of the [bus] without checking for or clearing traffic, and without turn signals. . . . There is nothing in the video that demonstrates the [bus] attempted to change lanes or veer left. Nothing in the video suggests the [bus] was exceeding the speed limit or accelerated to prevent [Robinson] from overtaking the [bus]. Further, the video depicts [] Farmer driving at a low and very reasonable speed.

Defendants argued Robinson's claims should be dismissed under MCR 2.116(C)(7) because Robinson failed to plead in avoidance of governmental immunity and further specify which exception to governmental immunity applied to his claim. Defendants also argued Robinson's claims should be dismissed under MCR 2.116(C)(10) because: (1) the video footage directly and specifically contradicted Robinson's account of the accident; (2) there was no genuine dispute of material fact on the basis of the video footage that the City was not negligent in operating the bus; and (3) Farmer did not operate the bus in willful or wanton disregard for safety, or at a speed greater than reasonable. Defendants instead contended Robinson's claims should be dismissed because he violated the traffic laws he accused Farmer of violating. Lastly, defendants argued a claim against Farmer was barred because Robinson could not prove Farmer engaged in gross negligence, the standard proscribed by the GTLA for suing government employees in their personal capacity. See MCL 691.1407(2)(c).

At the hearing on defendants' motion, defendants urged the circuit court to adopt the account of the accident captured on video rather than the account given by Robinson in his complaint and deposition. Robinson merely argued at the hearing that he saw the video differently, and his different perspective created a genuine issue of fact. After hearing the parties' arguments, the circuit court stated whether the City was negligent in operating the bus was a "tough call," which created a question of fact regarding negligence and whether the exception to governmental immunity applied. The City's motion for summary disposition under MCR 2.116(C)(7) and (C)(10) was denied. The circuit court also held that because the standard for holding a government employee personally liable under the GTLA is gross negligence, and Robinson failed to plead Farmer committed gross negligence, no cause of action could be sustained against Farmer. Robinson's claim against Farmer was dismissed with prejudice.[2] The City now appeals.[3]

## II. ANALYSIS

### A. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Under MCR 2.116(C)(7), a party may move for summary disposition on the ground that governmental immunity bars the claim. "[T]he determination regarding the applicability of governmental immunity and a statutory exception to governmental immunity is a question of law that is also subject to review de novo." *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

---

[2] The circuit court does not specify under which grounds it denied the City summary disposition, but it appears the court denied summary disposition under MCR 2.116(C)(7) *and* (C)(10) on the basis of the issues raised on appeal, and that in order to decide the motion on (C)(10) grounds, the circuit court would need to engage in a (C)(7) inquiry – that is – determine whether the negligent-operation exception to the GTLA applies or dismiss because the GTLA would bar the claim entirely. We likewise analyze both summary disposition grounds.

[3] The circuit court ordered a stay of proceedings pending the resolution of this appeal.

When reviewing a motion under MCR 2.116(C)(7), we must accept as true and construe in the nonmoving party's favor all well-pleaded factual allegations unless other evidence contradicts them. *Marilyn Froling Revocable Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 278; 769 NW2d 234 (2009). The same is true for any affidavits, depositions, or other admissible documentary evidence submitted by the parties. *Id*. "If there are no questions of fact, whether the claim is barred is a matter of law." *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 630; 997 NW2d 745 (2022).

A motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of the plaintiff's claim, is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the parties' documentary evidence in the light most favorable to the party opposing the motion. *Johnson*, 502 Mich at 761. "[R]eview is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care*, *Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

The moving party may satisfy its burden under MCR 2.116(C)(10) by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," *or* by "demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). After the movant has satisfied its burden, the nonmovant's burden to avoid summary disposition is to "go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. at 363. If the nonmovant fails to do so, then the motion is properly granted. *Id*.

## B. MCR 2.116(C)(7)

The City argues on appeal that because Robinson failed to plead in avoidance of governmental immunity, his claim against the City should be dismissed under MCR 2.116(C)(7). The City is correct to note that Robinson's complaint is devoid of any mention of the GTLA. Nonetheless, the pleaded claim fits within an enumerated statutory exception to government immunity.

"Except as otherwise provided, the government tort liability act . . . broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function." *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). MCL 691.1407(1). Whether the GTLA applies requires establishing the defendant is (1) a governmental agency that is (2) engaged in a governmental function. *Id*. The parties do not dispute the City is a governmental agency and the operation of a city bus is a governmental function mandated by the city charter. Further,

> [t]he existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a plaintiff to pursue a claim

against a governmental agency. A governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions. An activity that is expressly or impliedly authorized or mandated by constitution, statute, local charter, ordinance, or other law constitutes a government function. [*Id.* at 391-392 (quotation marks and citations omitted).]

Among the six exceptions to governmental immunity enumerated in the GTLA is the motor vehicle exception, or negligent-operation exception, MCL 691.1405, which states: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by an officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ."

*Mack v City of Detroit*, 467 Mich 186, 197-198, 203; 649 NW2d 47 (2002) addresses the viability of a plaintiff's complaint pertaining to governmental immunity, and clarifies that governmental immunity is a "characteristic of government" such that a "plaintiff must plead her case in avoidance of immunity." Our Supreme Court in *Mack* states:

[B]y its terms, the GTLA provides that unless one of the [] statutory exceptions applies, a governmental agency is protected by immunity. The presumption is, therefore, that a governmental agency is immune and can only be subject to suit if a plaintiff's case falls within a statutory exception. As such, it is the responsibility of the party seeking to impose liability on a governmental agency to demonstrate that its case falls within one of the exceptions. [*Id.* at 201.]

"A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception *or* by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id.* at 203 (emphasis added). Robinson made no mention of governmental immunity with respect to any of his claims. The first time the GTLA appeared in the pleadings was when the City listed it as an affirmative defense. But Robinson pleaded facts alleging that Farmer, a city employee, was negligent in operating the bus, which would fall squarely within the negligent-operation exception to the GTLA. Therefore, we uphold the circuit court's order denying summary disposition on MCR 2.116(C)(7) grounds because Robinson successfully pleaded in avoidance of governmental immunity.

## B. MCR 2.116(C)(10)

The circuit court erred in denying summary disposition in favor of the City under MCR 2.116(C)(10) because the video footage clearly shows there is no genuine dispute of material fact that Robinson was at fault for the accident.

The City argues the circuit court erred by ruling the video evidence presented a close call regarding who was at fault for the accident, and the circuit court should not have paid any mind to Robinson's allegations and testimony despite that he was the non-moving party. Robinson alleged in his complaint that Farmer, as an employee of the City, owed a duty to Robinson to drive with due care and caution, and breached her duty when she: (1) failed to refrain from reckless driving in violation of MCL 257.626; (2) failed to refrain from careless and negligent driving in violation of MCL 257.626(b); and (3) failed to drive at a speed that would maintain a safe, clear distance

between the bus and Robinson's vehicle in violation of MCL 257.627(1), among other traffic violations.

MCL 257.626, the reckless driving statute, penalizes driving with willful or wanton disregard for the safety of others. Because Robinson's claim against Farmer was dismissed for failure to allege gross negligence, we need not analyze whether reckless driving occurred. MCL 257.626(b) penalizes operating a vehicle in a careless or negligent manner likely to endanger another person, but without wantonness or recklessness. MCL 257.627(1), regarding speed restrictions on Michigan roads, states:

> An individual operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition existing at the time. An individual shall not operate a vehicle on a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead.

A finding of negligence requires establishment of the following elements: "(1) duty, (2) breach, (3) causation, and (4) damages." *Hannay v Dep't of Transp*, 497 Mich 45, 63; 860 NW2d 67 (2014) (quotation marks and citation omitted). At issue here is the second element, whether Farmer breached the standard of care when operating the bus, and specifically, whether she violated the statutes Robinson cites in his complaint.[4] "Ordinary care means the care that a reasonably careful person would use under the circumstances." *Case v Consumers Power Co*, 463 Mich 1, 7; 615 NW2d 17 (2000). Whether a defendant's conduct fell below this standard is usually a question for the jury. *Id*. The mere happening of an accident is not, by itself, evidence of negligence. *Whitmore v Sears*, *Roebuck & Co*, 89 Mich App 3, 9; 279 NW2d 318 (1979).[5] A plaintiff must present some evidence, other than the fact that an accident occurred, that either directly or circumstantially establishes a defendant's negligence. *Id*.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v Harris*, 550 US 372, 380;

---

[4] A plaintiff can provide evidence of negligence showing that a defendant violated a provision of the Michigan Vehicle Code, MCL 257.1 *et seq*. See *Rodriguez v Solar of Mich, Inc*, 191 Mich App 483, 487; 478 NW2d 914 (1991) (citation omitted). "Violation of a statute by a plaintiff or a defendant creates a prima facie case from which a jury may draw an inference of negligence." *Id*. at 487-488.

[5] Although we are required to follow cases decided on or after November 1, 1990, see MCR 7.215(J)(1), a published case decided by this Court "has precedential effect under the rule of stare decisis," MCR 7.215(C)(2). See also *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018) (stating that although this Court is not "strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990," those opinions are nonetheless "considered to be precedent and entitled to significantly greater deference than are unpublished cases") (emphasis omitted).

127 S Ct 1769; 167 L Ed 2d 686 (2007).[6] In this case, the parties presented different accounts of how the accident unfolded and Robinson's account blatantly contradicted the record. Even though review of an order denying summary disposition directs us to view the evidence in Robinson's favor as the nonmoving party, *Johnson*, 502 Mich at 761, we cannot adopt Robinson's account of the facts in light of his departure from the facts presented in the video.

The video provided by the City here is clear and wholly contradicts Robinson's pleadings and deposition testimony in the following ways: (1) when Farmer checked her driver's side rear-view mirror, Robinson's vehicle was still near the rear of the bus and had not begun to pass the bus at an accelerated rate; (2) when Farmer checked her mirror, Robinson had not begun to merge from the left lane into the right lane; (3) contrary to Robinson's answer to defendants' motion for summary disposition, which accused Farmer of merging into the left lane of Greenfield Road, the video depicts the bus remained fully in the right lane and did not veer to the left toward Robinson's vehicle or into his path; (4) contrary to Robinson's deposition testimony, the video shows the bus was never behind him, i.e. he did not fully pass the bus, before he drove into its direct path; (5) the video shows Robinson did not use any turn signals before merging into the bus's direct path; (6) contrary to his deposition testimony, on impact, the bus did not continue dragging Robinson's vehicle down southbound Greenfield Road; and (7) the video shows that while Robinson approached from the left lane, swerved into the right lane, and cut off the bus while appearing to try to turn into a driveway on Greenfield Road, the bus remained alongside the right shoulder, reaching a maximum of 11 miles per hour at the point of impact, and accelerating to 18 miles per hour before pulling over to the right shoulder after the accident occurred.

Finally, photographic evidence attached to defendants' motion for summary disposition, shows skid marks on Greenfield Road in the middle of the right lane, far from the white broken line that divides the left and right lane. The skid marks show just how far into the right lane Robinson had merged when the collision occurred, and evidence even further that the bus did not merge left to cause the collision. Given how well documented the accident is, there can be no genuine dispute of fact that Farmer did not operate the bus in a careless and negligent manner in violation of MCL 257.626(b). Farmer also drove at a slow and steady speed and was not given enough time to maintain a safe, clear distance between the bus and Robinson's vehicle under MCL 257.627(1) because Robinson quickly cut her off. From the video footage, it is clear that Farmer's conduct bore no causal connection to the accident, and therefore, Robinson's injuries. And having produced no evidence from which a reasonable juror could conclude that Farmer violated the Michigan Vehicle Code, Robinson's claim against the City should be dismissed.

---

[6] See also *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 476; 957 NW2d 377 (2020) (citing *Scott*, 550 US at 378-381 for the proposition that "[a] conflict in the evidence may generally only be removed from the trier of fact's consideration if it is based on testimony that is essentially impossible or is irreconcilably contradicted by unassailable and objective record evidence.").

## III.  CONCLUSION

The circuit court erred in denying the City's motion for under MCR 2.116(C)(10) where there is no genuine dispute of material fact that Farmer, a City employee, was not at fault for the accident.  We reverse the circuit court's order denying summary disposition on (C)(10) grounds and remand for proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young